# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-CR-168 |
| | ) | |
| v. | ) | CHIEF JUDGE SARGUS, JR. |
| | ) | |
| JOHN ANDERSON RANKIN | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss for Lack of Speedy Trial (ECF No. 61), and the Government's First Motion to Continue Trial and to Reset Time to Respond to Pretrial Motions for the trial currently scheduled for June 12, 2017 (ECF No. 69).

*1. Speedy Trial*

The Defendant filed his Motion to Dismiss for Lack of Speedy Trial on May 30, 2017 (ECF No. 61), and the Government filed a Memorandum Contra Defendant's Motion to Dismiss for Lack of Speedy Trial on June 1, 2017(ECF No. 71); thus the issue is now ripe for decision. Defendant asserts that his "rights under the Sixth Amendment of the Constitution, and the Speedy Trial Act of 1974 have already been violated." (Def. Mot., ECF No. 61, at p.4).

*a. Sixth Amendment Speedy Trial Rights*

"[T]he proper remedy for a violation of a defendant's constitutional speedy-trial rights is dismissal of the indictment with prejudice." *United States v. Young*, 657 F.3d 408, 413 (6th Cir. 2011). The Supreme Court has set forth four factors for evaluating a Sixth Amendment speedy-trial claim: (1) length of delay, (2) reason for the delay, (3) the defendant's assertions of his

right, and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). "None of the factors is 'a necessary or a sufficient condition to the finding of a deprivation of the right of speedy trial,' but the factors are related and 'must be considered with such other circumstances as may be relevant' in 'a difficult and sensitive balancing process.'" *Young*, 657 F.3d at 414, quoting *Barker*, 407 U.S. at 530.

### i. *Length of Delay*

The Sixth Circuit has held that a court need only consider the other three *Barker* factors if there has been an "uncommonly long" delay. *Id.* The Sixth Circuit has held that a delay of more than one year is "presumptively prejudicial and triggers application of the remaining three factors." *Id.* The length of time from Defendant's initial court appearance, July 30, 2015 (ECF No. 5), to the present date in June, 2017, is just short of two years. Defendant has therefore suffered "presumptively prejudicial" delay.

### ii. *Reason for the Delay*

The second *Barker* factor is the reason for the delay. In this case, Defendant's trial was originally scheduled for September 14, 2015, well within the 70 day provision of the Speedy Trial Act. However, on August 17, 2015, the Defendant moved the Court for a continuance of the trial date. (Def. Mot. to Continue Trial Date, ECF No. 11.) Thus, 18 non-excludable days passed from the date of initial appearance to the date of Defendant's motion to continue the trial date. (July 30 through August 17, 2015). The Court granted Defendant's motion in the interests of justice, and ordered a new trial date of December 7, 2015 (Order, ECF No. 12.) Defendant waived his trial right for the period of the continuance (Order, ECF No. 12, ¶8), and thus the speedy trial clock was stopped from the date of his motion for continuance of trial date through

2

the new trial date (August 17 through December 7, 2015). *See, e.g., United States v. Sobh*, 571 F.3d 600, 604 (6th Cir. 2009).

During this time, on November 16, 2015, Defendant filed a motion to dismiss the case, claiming violations of double jeopardy and due process under the Constitution. (Def. Mot. to Dismiss, ECF No. 13.) On November 20, 2015, the Court set a hearing on Defendant's motion for December 9, 2015, granted the Government until December 2, 2015 to respond to Defendant's motion to dismiss, and reset the jury trial from December 7, 2015, to January 11, 2016 (Notice, ECF No. 18). The Defendant did not object to the resetting of trial. The time from the second scheduled trial date to third trial date (December 7, 2015 through January 11, 2016) is excluded from the speedy trial clock. The Court heard oral argument on Defendant's motion to dismiss on December 9, 2015. (ECF No. 24.) The Court denied the motion to dismiss on January 4, 2016. (Order, ECF No. 27.) On that date, the Court held a telephone status conference with the parties, and defense counsel advised the Court that he would seek an immediate appeal of the Court's Order denying the defendant's motion to dismiss on double jeopardy grounds (ECF No. 27). *See Abney v. United States*, 431 U.S. 651, 661 (1977) (interlocutory appeal lies from denial of a motion to dismiss on double jeopardy grounds). Accordingly, the Court vacated the trial date (Order, ECF No. 28) without objection by Defendant. On January 15, 2016, Defendant filed a notice of interlocutory appeal to the Sixth Circuit (ECF No. 32). There are no non-excludable days during this period.

On January 15, 2016, this Court lost jurisdiction during Defendant's interlocutory appeals. The period of these interlocutory appeals to the Sixth Circuit, and then a writ of certiorari to the Supreme Court of the United States (January 15, 2016 through April 28, 2017), is excluded from the speedy trial clock. This Court regained jurisdiction on April 28, 2017 (ECF

No. 46). *See* 18 U.S.C. § 3161(h)(1)(C)(2008 ed.); *United States v. Pete*, 525 F.3d 844, 850 (9th Cir. 2008) ("Until a party files a certiorari petition or the time to do so expires, a party is entitled to seek review by the Supreme Court of the adverse appellate decision. Therefore, even though certiorari petitions are not explicitly included in § 3161(h)(1)(E), a certiorari petition following an interlocutory appeal is encompassed in § 3161(h)(1)(E)'s broad language as a 'delay resulting from an [] interlocutory appeal.'") (citations omitted). Defendant filed a pretrial motion on May 1, 2017, after the Court regained jurisdiction on April 28, 2017, which added three non-excludable days. Thus, all of the time since Defendant's initial appearance, with the exception of 21 days, has been at the Defendant's bequest. "When a party makes motions, it cannot use the delay caused by those motions as a basis for a speedy-trial claim." *Young*, 657 F.3d at 415, citing *United States v. Loud Hawk*, 474 U.S. 302, 316-17 (1986) ("'Having sought the aid of the judicial process and realizing the deliberateness that a court employs in reaching a decision the defendants are not now able to criticize the very process which they so frequently called upon.'")(citations omitted). Because the length of delay is attributable to Defendant, he has not satisfied the second *Barker* factor.

### iii. *Defendant's assertion of the right to Speedy Trial*

The third *Barker* factor is whether the Defendant has asserted his right to speedy trial. Inasmuch as Defendant sought a trial continuance and concurred in a third resetting of trial to permit him to pursue his motion to dismiss, and inasmuch as Defendant sought interlocutory appeals through April 28, 2017, the period from August 17, 2015 through April 28, 2017 is not counted. As noted above, this Court did not have jurisdiction during the pendency of Defendant's appeals. On May 1, 2017, the Defendant filed a letter requesting to travel abroad through May 10, 2017, and Motion to Request Hybrid Representation. (ECF No. 41.) In the

4

motion Defendant represented he was ready to proceed to trial. And again, at the hearing this Court held on May 18, 2017, Defendant requested his speedy trial rights. The Court granted Defendant's motion to permit him to represent himself *pro se* with stand-by counsel (Order, ECF No. 48) and Defendant began filing pretrial motions on that date. The Court scheduled trial to begin on June 12, 2017, and ordered that "all motions of any kind, by the defendant or by the government, shall be filed on or before May 30, 2017." (Order, ECF No. 52.) The period between this Court's regaining of jurisdiction through the filing of Defendant's first pretrial motion (April 28, 2017 through May 1, 2017) adds three days to the speedy trial calculation. The speedy trial clock is stopped pending resolution of the motions. Thus, 21 days have elapsed of the 70 permitted under the Act. Under the *Barker* balancing test, this factor has little weight because trial was not possible throughout the time Defendant pursued his appeals, and because the speedy trial clock has been stopped since May 1, 2017, after the Court regained jurisdiction.

### iv. *Prejudice to the Defendant*

The final *Barker* factor is prejudice to the Defendant. In the case at bar, Defendant is not in custody, and in any event, this Court did not regain jurisdiction until April 28, 2017. Defendant filed his first pretrial motion on May 1, 2017, stopping the speedy trial clock. The Sixth Circuit requires that a defendant show "specific prejudice" to his or her defense, and it must be "substantial prejudice" for a defendant to prevail on a speedy trial claim. *Young*, 657 F.3d at 418. Defendant's delays have been at his instance, and he is unable to show specific prejudice, let alone substantial prejudice under these facts.

Inasmuch as Defendant "was either responsible for or a participant in most of the delay," and he is unable to show that his defense was prejudiced, his claim for a violation of his Sixth Amendment right to speedy trial is unavailing. *See Young*, 657 F.3d at 420

5

b. *The Speedy Trial Act*

Defendant also asserts a violation of his speedy trial rights under the Speedy Trial Act of 1974. (Def. Mot., ECF No. 61, at p. 4.) The Speedy Trial Act of 1974, 18 U.S.C. § 3161, *et seq.*, provides that in "any case in which a plea of not guilty is entered, the trial . . . shall commence within seventy days" of the later of the filing of the indictment or the arraignment. *See United States v. Tinklenberg*, 563 U.S. 647, 650 (2011). Among the exclusions from the 70-day period is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.*, citing § 3161(h)(1)(D)(2006 ed., Supp. III). "[T]he filing of a pretrial motion falls within this provision irrespective of whether it actually causes, or is expected to cause, delay in starting trial." *Id.*

In Section 1, supra, the Court has calculated the excludable days as 21 days, leaving 49 of 70 days on the speedy trial clock. Pretrial motions are currently under advisement, and the speedy trial clock is tolled. Accordingly, the motion to dismiss for lack of speedy trial under the Act is unavailing. Inasmuch as the Court has found the case may proceed under the Speedy Trial Act, it turns to the Government's Motion to Continue Trial and Reset Time to Respond to Pretrial Motions (ECF No. 69.)

2. *Government's First Motion to Continue Trial Date*

The Government seeks a continuance of the trial date to "fully and fairly prepare responses to the myriad of motions and to review discovery" presented by the *pro se* defendant in the past two weeks, as well as to prepare for trial. (Gov. Mot. to Continue Trial, ECF No. 69.) Defendant opposes the motion, asserting that the Government has had "almost two years to

6

prepare their case in chief" (ECF No. 70.)[1] As explained in Section 1, supra, during that time, the Defendant, formerly represented by counsel, sought and was granted a continuance of trial date, and upon denial of his motion to dismiss the case on the grounds of double jeopardy, pursued an interlocutory appeal to the Sixth Circuit, which denied his appeal. He then filed a writ of certiorari to the Supreme Court of the United States. The Supreme Court denied the writ of certiorari on April 28, 2017 (ECF No. 46.) Thus, this Court regained jurisdiction in this case upon the denial of the writ of certiorari on April 28, 2017.[2]

On May 1, 2017, Defendant filed a Motion to Request Hybrid Representation, and he also sought permission to travel out of the country through May 10, 2017. The travel request was granted, and the Court set a hearing on Defendant's motion for May 18, 2017. (ECF No. 42.) In support of his motion, Defendant asserted that

> "CSI is a research and development company, and testimony from witnesses concerning research and development will be of a highly technical nature. Since the Defendant has been the chief researcher, and operating officer of the corporation, during the years in question, he is far more suited to perform witness examinations. Furthermore, the Defendant personally oversaw all aspects of research and development, and is intimately familiar with the highly complex and labor intensive processes that have occurred within CSI."

(Def. Mot. ECF No. 41, at p. 4.) The Government concurs that the "facts and circumstances of this case are complex." (Gov. Mot. to Continue Trial, ECF No. 69, at p. 2.) After hearing testimony, the Court granted Defendant's motion to the extent that he is permitted to represent himself *pro se*, with his former counsel to participate as stand-by counsel. (ECF No. 48.) As Defendant asserts in his Memorandum in Opposition to the Government's Motion, the

---

[1] On July 7, 2015, a federal grand jury indicted Defendant on 17 counts, charging him with violations of various criminal tax statutes. (ECF No. 1.) He was arraigned and released on bond on July 30, 2015. (ECF No. 5.)
[2] The speedy trial clock was tolled while Defendant pursued his interlocutory appeals. *See* 18 U.S.C. § 3161(h)(1)(C)(2008 ed.).

7

Government stated at the hearing that it was ready to proceed to trial. (ECF No. 70, at p. 2.) However, in the past two weeks since the hearing, Defendant, acting *pro se*, has filed additional notices and CD's of additional discovery, and has filed twelve motions, eight of which were filed this week, and all of which are outstanding at this time. Among these motions is a motion for a Daubert hearing, a motion to dismiss Count 17, and a motion to dismiss the case for lack of speedy trial.[3]

Upon consideration of the facts and procedural background recited in the paragraphs above, the Court finds that the Government's motion for a continuance is meritorious and "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (2008 ed.). Further, failure to grant the continuance would deny counsel for the Government the "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv) (2008 ed.).

In reaching this conclusion, the Court makes the following findings pursuant to 18 U.S.C. § 3161(h)(7)(B)(2008 ed.):

1. The Court is available to try the case on June 12, 2017.

2. On May 30, 2017, the Government moved for a continuance.

3. The Defendant is not in custody.

4. The Government requests a continuance to respond to the motions filed since this Court granted Defendant's motion to proceed *pro se*, to review additional discovery served in the past two weeks, and to prepare for trial.

5. Failure to grant the requested continuance may result in a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i). (2008 ed.)

---

[3] Defendant's motions are under consideration, and thus the speedy trial clock is tolled. *See United States v. Tinklenberg*, 563 U.S. 657 (2011).

6. The case is complex due to the nature of the prosecution and novel questions of fact or law. 18 U.S.C. § 3161(h)(7)(B)(ii). (2008 ed.)

7. Failure to grant the requested continuance could deny the Government reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). (2008 ed.)

8. The interest in the public and the defendant in a speedy trial would not be impaired by a continuance of this case until **Monday, August 28, 2017 at 9:00 a.m.**

The undersigned further notes that, on July 10, 2017, he will begin a five week criminal trial in the Northern District of Ohio, which he was assigned by the Chief Judge of the United States Court of Appeals for the Sixth Circuit. The case involves allegations of a conspiracy to provide material support to Al Qaeda and the attempted murder of a district judge. The case has been scheduled for months.

Therefore, given the Court's findings, the previous scheduling order (ECF No. 52) is hereby vacated. Defendant's Motion to Dismiss for Lack of Speedy Trial (ECF No. 61) is **DENIED.** The Government's Motion to Continue Trial and to Reset Time to Respond to Pretrial Motions (ECF No. 69) is **GRANTED**.

The Trial is hereby rescheduled for **Monday, August 28, 2017 at 9:00 a.m.** The May 30, 2017 deadline for filing motions of any kind under Paragraph III of the scheduling order (Order, ECF No. 52, at p. 2) remains. All memoranda in opposition shall be filed on or before June 30, 2017. All other dates set in the prior scheduling order will be re-set at a later time.

**IT IS SO ORDERED.**

6-2-2017
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

9