# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | 2:15-CR-168 |
| v. | ) | CHIEF JUDGE SARGUS |
| JOHN ANDERSON RANKIN | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On May 18, 2017, Defendant, proceeding *pro se*, filed a *Motion for Daubert Determination Concerning Exhibits and Testimony*. (*Def. Mot.*, ECF No. 47.) Defendant directs his motion to a "Determination Concerning IRS Exhibits and Testimony." (*Id*. at p. 2.) On May 30, 2017, Defendant also moved for a hearing on this motion. (*Def. Mot. for Hearing*, ECF No. 64.) On June 1, 2017, the Government filed a *Memorandum Contra Defendant's Motions for Daubert Determinations*. (Gov. Mem., ECF No. 73.) The motions are ripe for decision.

### *1. Daubert Motion*

Defendant moves to challenge the admissibility of exhibits and witness testimony "under the Daubert trilogy." (*Def. Mot.*, ECF No. 47, at p. 2.) Defendant specifically focuses on materials prepared by IRS investigator Markita Seldon. He asserts that Seldon,

> "on June 16th, 2015, prepared an extensive exhibit (Seldon Report) that attempts to calculate her understanding of the technical and financial basis for the seventeen counts of the July 7th, 2015 indictment."

(*Id.* at p. 3.)

The materials at issue are attached to Defendant's motion as Exhibits A and B.[1] (*Def. Mot.*, ECF No. 47-1, Exhs. A, B.) Defendant asserts that

> "[t]he objective of the Seldon Report is to illustrate how money moved from Connectivity Systems (CSI), to the possession of the Defendant. The United States is planning on preparing several exhibits that will be based upon this Seldon Report, along with testimony concerning the underlining data and the assumptions presented." (*Def. Mot.*, ECF No. 47, at p. 4.) Since this potential evidence is of a technical nature, the Defendant herein challenges the reliability and methods used for its creation, and requests this Court completely exclude these prejudicial and highly unreliable, unqualified opinions."

(*Def. Mot.*, ECF No. 47, at p. 2.)

Defendant also broadly asserts that "[a]s the IRS is ultimately responsible for a wide range of financial transactions within the United States, there is a natural bias towards the reliability of any reports or exhibits that they might present. Therefore, a higher level of standard should be observed in order to ensure that a jury is not unduly influenced by mere reputation, and is presented with information that can be justified by its sound methodology."[2] (*Id.* at p. 3.)

Finally, Defendant asserts that "[t]he methodology for the Seldon Report's development, has been completely confined to summating data received from banking institutions." (*Id.*) Furthermore, Defendant asserts that Ms. Seldon "does not appear to be a Certified Public Accountant (CPA), Certified Forensic Financial Analyst (CFFA), a member of the American Institute of Public Accountants (AICPA), or hold any credentials necessary to develop the methodology that has been utilized in the construction of the Seldon Report." (*Id.*)

---

[1] A review of the exhibits indicates one page of financial analysis (Exhibit A), and a 2005 federal tax return with schedules and amendments (Exhibit B). These materials are referred to by Defendant as the "Seldon Report."(*Def. Mot.*, ECF No. 47-1, Exhs. A, B.)

[2] Courts routinely instruct juries on the weight to be given to the testimony of government agents. *See, e.g., United States v. Neeley*, 308 Fed. App'x. 870, 892 (6th Cir. 2009) (no error when law enforcement agents gave a combination of expert opinion and fact testimony, although not formally qualified as experts, where Court gave appropriate expert witness instruction and general instruction on witness credibility).

2

The Government concurs that Seldon, a Special Agent of IRS, Criminal Investigation Division, is a case agent, and not a designated expert witness in this case. The Government asserts that "[a]n IRS-CI case agent surely is knowledgeable regarding the IRC [Internal Revenue Code], but generally speaking does not, and will not in this case, serve as an expert witness. In fact, it is unlikely that the case agent will testify at all." (*Gov. Mem. Opp.*, ECF No. 73, at p. 2.) Rather, the Government asserts that it intends to present IRS Agent Amanda Schafer, a Certified Public Accountant, as a summary witness, and her *curiculum vitae* has been provided to the defense. (*Gov. Mem. Opp.*, ECF No. 73, at p. 2.)

### 2. *Daubert's Application in Criminal Cases*

In *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993), the Supreme Court held that Federal Rule of Evidence 702 places a special obligation on the trial judge to perform a gatekeeping role "to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id.* at 589. In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court held that this gatekeeping role applies not only to scientific testimony, but to all expert testimony. Fed. R. Evid 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Sixth Circuit provided a thorough discussion of the application of *Daubert* to criminal cases in *United States v. Neeley*, 308 Fed. App'x. 870, 876 (6th Cir. 2009):

3

In *Daubert*, the Supreme Court held that Rule 702 placed a special obligation on the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert*, 509 U.S. at 589, 113 S.Ct. 2786. Although *Daubert* was restricted by its facts to scientific testimony, this Court has broadly applied *Daubert's* relevance and reliability analysis to all evidence offered under Rule 702, *United States v. Harris*, 192 F.3d 580, 588–89 (6th Cir.1999), including law enforcement agents testifying as experts on drug trafficking, *United States v. Lopez–Medina*, 461 F.3d 724, 742 (6th Cir.2006), and has consistently "found police officers' expert testimony admissible where it will aid the jury's understanding of an area, such as drug dealing, not within the experience of the average juror." *United States v. Thomas*, 74 F.3d 676, 682 (6th Cir.1996).

This Court specifically addressed the issue of formally qualifying police officers as experts in *United States v. Johnson*, 488 F.3d 690, 697 (6th Cir. 2007). The *Johnson* court instructed trial courts to refrain from declaring before the jury that a law enforcement officer is considered an expert, and instead recommended that "the proponent of the witness should pose qualifying and foundational questions and proceed to elicit opinion testimony. If the opponent objects, the court should rule on the objection." *Id.* at 698.

The *Neeley* decision and the cases cited therein illustrate that the Government is permitted to present qualified witnesses to testify to the "characteristics of criminal activity." It is the province of the trial judge to instruct the jury to ensure they know how to properly consider the testimony.

### 3. *Analysis*

The case *sub judice* involves allegations of violations of the federal tax laws. The Government has not proffered Special Agent Seldon as an expert witness in the way that *Daubert* anticipates in a civil trial setting. In fact, the Government has stated that it may not put forth the case agent, inasmuch as it will rely on a summary witness. (*Gov. Mem. Opp.*, ECF No. 73, at p. 2.)

The inquiry of whether a witness qualifies as an expert depends on his or her "knowledge, skill, experience, training, or education." Fed. R. Evid. 702. After review of the

4

expert's qualifications, the district court makes this determination as a preliminary fact. *Kingsley Associates, Inc. v. Del-Met, Inc.*, 918 F.2d 1277, 1286 (6th Cir. 1990). In doing so, the district court "has broad discretion in the matter of the admission or exclusion of expert evidence." *United States v. Kalymon*, 541 F.3d 624, 636 6th Cir. 2008) (quoting *United States v. Demjanjuk*, 367 F.3d 623, 633 (6th Cir. 2004). As a guiding principle, the decision of whether to allow expert testimony depends on whether "it will assist the trier of fact." *Id*. "The issue with regard to expert testimony is not the qualifications of a witness in the abstract, but whether those qualifications provide a foundation for a witness to answer a specific question." *Berry v. City of Detroit*, 25 F.3d 1342, 1351 (6th Cir. 1994).

The Sixth Circuit "regularly allows qualified law enforcement personnel to testify to characteristics of criminal activity, as long as appropriate cautionary instructions are given, since knowledge of such activity is generally beyond the average layman." *Neeley*, 308 Fed. App'x. at 876, quoting *United States v. Swafford*, 385 F.3d 1026, 1030 (6th Cir. 2004). Similarly, in criminal tax prosecutions, the Government is permitted to rely on the testimony of IRS employees. The Sixth Circuit explained the method for using such testimony:

> Testimony summarizing evidence is admissible in income tax prosecutions. *Sturman*, 951 F.2d at 1480 (citing *United States v. Lattus*, 512 F.2d 352, 353 (6th Cir. 1975)). Such testimony is admissible in a criminal trial "when the judge charges the jury as to all the elements necessary for conviction, where the summary is intended to aid the jury in organizing proof, and where the summary is not inflammatory or prejudicially worded." *Id*.

> While a summary witness may give an opinion that "events assumed in [a] question would trigger tax liability[,]" or "whether particular payments under assumed circumstances would be taxable," he or she may not give a legal opinion that necessarily determines the guilt of a defendant or instructs the jury on controlling legal principles. *United States v. Monus*, 128 F.3d 376, 386 (6th Cir. 1997). Therefore, in a tax case, the summary witness is allowed to "summarize and analyze the facts indicating willful tax evasion so long as [she does] not 'directly embrace the ultimate question of whether [the defendants] did in fact

5

intend to evade income taxes.'" *United States v. Moore*, 997 F.2d 55, 59 (6th Cir. 1993) (quoting *United States v. Dotson*, 817 F.2d 1127, 1132 (6th Cir. 1987).

*United States v. Sabino*, 274 F.3d 1053, 1066-67 (6th Cir. 2001), amended on other grounds, 307 F.3d 446 (6th Cir. 2002). The Sixth Circuit noted in *Sabino* that the IRS summary witness "analyzed the multitude of documents and testimony admitted into evidence and properly testified as to the government's calculation of tax due . . . [s]he did not render an opinion concerning the guilt of the defendants; she simply calculated the taxes that the Stewarts owed based on the evidence at trial." *Id.* at 1068.

In the case *sub judice*, Defendant asserts that the "reliability of the Seldon Report is so flawed, that it has produced an error twice the size of the actual amount of income received by the Defendant." (*Def. Mot.*, ECF No. 47, at p. 6.) However, Defendant also asserts that "[t]he methodology for the Seldon Report's development, has been completely confined to summating data received from banking institutions." (*Id.* at 4.) The Court's gatekeeper role "is not intended to supplant the adversary system or the role of the jury." *Wellman v. Norfolk & Western Ry. Co*, 98 F.Supp.2d 919, 924 (citing *Daubert*, 509 U.S. at 596). Rather, it is "to keep unreliable and irrelevant information from the jury because of its inability to assist in factual determinations, its potential to create confusion, and its lack of probative value." *Id.* The traditional and appropriate means of attacking "shaky but admissible evidence" is "vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Id.*

The Government asserts that it will be presenting an IRS employee to assist in presenting the evidence in this case, but does not intend to offer Seldon as an expert witness. (Gov. Mem., ECF No. 73, at p. 2.) This explicit representation disposes of the matter. Seldon will not be offered as an expert and cannot give opinion testimony, thereby rendering a *Daubert* hearing

unnecessary. The Court recognizes that the distinction between expert and lay testimony is often subtle. If the Defendant contends that expert testimony is elicited at trial, he may object. The Defendant's *Daubert* motion is not well-taken, and is hereby **DENIED**.

### 4. Conclusion

For the reasons stated above, the *Motion for Daubert Determination Concerning Exhibits and Testimony*. (ECF No. 47) and *Motion for Hearing on Daubert Challenge* (ECF No. 64) are hereby **DENIED**.

**IT IS SO ORDERED.**

7-12-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**