# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:15-CR-168 |
| ) | |
| v. ) | CHIEF JUDGE SARGUS |
| ) | |
| JOHN ANDERSON RANKIN ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On May 24, 2017, Defendant, proceeding *pro se*, filed a *Precipe for Subpoena*. (ECF No. 56.) On May 25, 2017, the Government filed a *Motion for Reasonable Restrictions on Pro Se Activities*. (ECF No. 58.) On May 30, 2017, Defendant filed a *Memorandum in Opposition to Motion for Reasonable Restrictions on Pro Se Activities*. (ECF No. 59.) The matter is ripe for consideration.

In his first precipe seeking to subpoena witnesses to testify at trial, Defendant names ten individuals. (ECF No. 56.) The Government's motion seeks to have Defendant's stand-by counsel assist in these filings. (ECF No. 58, at p. 2.) In essence, the Court interprets the Government's motion to include, at a minimum, a motion to quash the request to subpoena Mr. William J. Seldon and Mr. Maurice D. Jones, and the request to subpoena four current and/or former employees of Defendant who are witnesses for the Government.[1]

---

[1] The Government also asserts that a subpoena for an IRS employee (four witnesses in the praecipe are IRS employees) must be made in conformity with the agency's regulations, per *Touhy v. Ragen*, 340 U.S. 462 (1951). (ECF No. 58, at p. 2.)

Specifically, the Government asserts that two persons are, respectively, "the husband and former husband of the Case Agent in this matter, Special Agent Markita Seldon, IRS-CI." (ECF No. 58, at p. 1.) Furthermore, the Government asserts that "[t]hese two men have absolutely nothing to do with the investigation, preparation or prosecution of this case. Requests to subpoena them amount to nothing less than harassment of the Case Agent – an unbridled attempt to embarrass her regarding matters pertinent only to her personal life." (*Id.*)

Defendant also seeks subpoenas for Jaime Heath, David Pierson, Marc Schare, and Tim Kessler. (ECF No. 56, at pp. 2-3.) The Government asserts that these four persons are government witnesses who either currently or formerly were employed by the Defendant, and "whom the undersigned believes are likely to feel harassed by the service of defense subpoenas." (ECF No. 58, at p. 2.)

Defendant's responsive pleading does not address the Government's assertions regarding lack of relevance and potential harassment. Rather, he cites to the Sixth Amendment of the United States Constitution, which provides that an accused "shall enjoy the right to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor…." U.S. Const. amend. VI.

However, the right to compulsory process is not an unlimited right.[2] Federal Rule of Criminal Procedure 17(a) governs the preparation of trial subpoenas. Rule 17(a) states:

> Content: A subpoena must state the court's name and the title of the proceeding, include the seal of the court, and command the witness to attend and testify at the

---

[2] "The principle that undergirds the defendant's right to present exculpatory evidence is also the source of essential limitations on the right. *Taylor v. Illinois*, 484 U.S. 400, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988) (quoting *Allen v. Morris*, 845 F.2d 610 (6th Cir. 1988). The exclusion of irrelevant evidence cannot implicate constitutional concerns. *United States v. Kasto*, 584 F.2d 268, 272 (8th Cir. 1978), cert. denied, 440 U.S. 930, 99 S.Ct. 1267, 59 L.Ed.2d 4886 (1979)." *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990).

time and place the subpoena specifies. The clerk must issue a blank subpoena – signed and sealed – to the party requesting it, and that party must fill in the blanks before the subpoena is served.

Fed. R. Crim. P. 17. The Sixth Circuit has held "[i]n making its determination of whether or not issuance of the subpoena is warranted, the district court is vested with wide discretion." *United States v. Moore*, 917 F.2d 215, 230 (6th Cir. 1990). "Neither rich nor poor defendants have an unfettered right to subpoenas without discretionary review by the district court." *Id.*, citing *United States v. Bennett*, 675 F.2d 596 (6th Cir. 1982). "[T]he appropriate standard is whether defendants have alleged that the witnesses will testify about facts that are relevant to any issue in the case." *United States v. Barker*, 553 F.2d 1013, 1021 (6th Cir. 1977). In *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir. 1988), the Sixth Circuit discussed the necessity for the trial court to determine that evidence is relevant and admissible:

> Under Rules 401 and 402, testimony is admissible into evidence if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; see Fed. R. Evid. 402. Rule 403 carves out a narrow exception to this broad rule of admissibility:
>
>> Although relevant, the evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Fed. R. Evid. 403.
>
> As the permissive language in the Rule indicates, the decision to admit relevant, but potentially prejudicial, evidence is committed to the sound discretion of the trial court. [citations omitted].

*Schrock*, 855 F.2d at 333.

Fed. R. Evid. 611 "lists the policy considerations which shall guide a trial court's reasonable control over the mode and order of interrogation witnesses: (1) effectiveness for the ascertainment of truth; (2) avoiding needless consumption of time; and (3) protecting witnesses

3

from harassment or undue embarrassment." *See United States v. Raineri*, 670 F.2d 702, 713 (7th Cir. 1982). These policy concerns have been raised in the Government's motion. The Government has asserted that, in the case of Mr. Seldon and Mr. Jones, the witnesses have nothing to do with the investigation, preparation or prosecution of Defendant's case, and in the case of the request for a subpoena for the four government witnesses who are current or prior employees, these potential witnesses may feel harassed. (ECF No. 58, at pp. 1, 2.)

To assist the Court in ascertaining the relevance and materiality of the proposed witnesses' testimony, Defendant **shall file**, within **seven (7)** days of the entry of this Order, a submission stating the evidence that is proposed to be obtained through the testimony of each of these six witnesses, and how it is material to his defense.

**IT IS SO ORDERED.**

7-12-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**