IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OHIO
EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:15-CR-168 |
| v. | ) | CHIEF JUDGE SARGUS |
| JOHN ANDERSON RANKIN | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's discovery objections. On June 26, 2017, Defendant, proceeding *pro se*, filed an *Objection to Government Discovery*. (*Def. Obj.*, ECF No. 80.) On June 30, 2017, the Government filed a *Memorandum of the United States Regarding Defendant's Objection to Government Discovery*. (*Gov. Mem.*, ECF No. 83.) The matter is ripe for consideration.

On June 23, 2017, the Government sent to Defendant a letter and a disc containing supplemental discovery based on its review of discovery provided by Defendant. This material was sent pursuant to the Government's obligation under Federal Rule of Criminal Procedure 16, and *Brady v. Maryland*, 373 U.S. 83 (1963) to "not suppress evidence favorable to the defendant which may be material either to guilt or to punishment...." (*Gov.Mem., ECF No. 83, at p. 1, Exh. A, Letter*, ECF No. 83-1.)

Defendant objects to this provision of excerpts of the discovery he himself propounded, asserting that "the government has now used this opportunity to propound additional discovery upon the Defendant, knowing full well that he will not be able to file any motions that challenge

or question the reliability, admissibility, or quality of this evidence." (*Def. Obj.*, ECF No. 80). Additionally, Defendant asserts that "[i]t appears that the government is attempting to introduce expert reports, so late in the process, that they cannot be challenged, and there will not be time for a *Daubert* hearing." (*Def. Obj.*, ECF No. 80, at p. 2.) Defendant's objection misapprehends the Government's obligation to provide potentially exculpable materials obtained through discovery. Inasmuch as the Government is complying with its legal obligations in providing these materials, Defendant's objection is inapposite.

However, in its Memorandum, the Government has alleged that it cannot access "much of the information" Defendant provided to the Government pursuant to his discovery obligations. (*Gov. Mem.*, ECF No. 83, at p. 2.) Specifically, the Government asserts that Defendant has failed "to provide discovery in a format that is accessible to the government, a format which also would be compatible with the Court's computer programs." (*Id.*) The Government informed Defendant of the discovery issue in its letter, as follows:

> Enclosed is a disc containing supplemental discovery that we believe should be provided to you based upon that which we could access in the discovery that you have provided recently.
>
> Much of the discovery on discs that you have recently provided we have been unable to access. The programs/systems that we have available are essentially the same programs used by the Court, such as Microsoft (Word) and pdf. We are unable to determine, and unable to open, much of the material on your discs. Please provide that information that is not on programs we are able to employ via programs/systems that we have in common with the Court.

(*Letter, Exh. A*, ECF No. 83-1.)

Discovery in this case is governed by Section II, Discovery and Inspection, of this Court's Amended Scheduling Order. (*Amended Order*, ECF No. 76.) The Court's Order specifically directs the attorney for the Defendant (in the case at bar, Defendant, proceeding *pro*

*se*) to "contact the Assistant United States Attorney in charge of the prosecution of this case to arrange a meeting for the purpose of resolving all requests for discovery...." (*Id.*)

Accordingly, *Defendant's Objection to Government Discovery* (*Def. Obj.*, ECF No. 80) is **DENIED as MOOT.** Defendant shall, within **seven (7) days** of entry of this Order, contact the Assistant United States Attorney to arrange a meeting and resolve any issues of inaccessibility of the format of discovery materials provided in this case.

**IT IS SO ORDERED.**

7-12-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE