# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:15-CR-168 |
| ) | |
| v. ) | CHIEF JUDGE SARGUS |
| ) | |
| JOHN ANDERSON RANKIN ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's *Motion to Dismiss Count 17 of Indictment.* (*Def. Mot.*, ECF No. 50.) Defendant specifically asserts that "the language of the 17th count is insufficiently vague and unclear, as to fail to meet the requirements set out in *Hamling v. United States*, 418 U.S. 87, 117 (1974)." Defendant further asserts that "the vague nature of the language used, along with the absence of specific facts over such an extensive period of time, requires that this count of the indictment be dismissed . . . ." (*Def. Mot.*, ECF No. 50, at pp. 5-6.)

### I.   *Count 17*

Count 17 alleges a violation of 26 U.S.C. § 7212(a). The statute provides as follows:

> **(a)**     **Corrupt or forcible interference.**--Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or

imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

26 U.S.C. § 7212(a).

Count 17 of the Indictment is titled *Corruptly Endeavoring to Obstruct the Due Administration of the Internal Revenue Laws*. It states:

> From on or about January 1, 2005, through the date of the filing of this Indictment, in the Southern District of Ohio and elsewhere, Defendant JOHN ANDERSON RANKIN did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by willfully misleading agents of the IRS by making false and misleading statements to those agents and by concealing information sought by those agents who he well knew were attempting to ascertain income, expenses and taxes for defendant and his various business entities and interests.
>
> In violation of Title 26, United States Code, Section 7212(a).

(*Indictment*, ECF No. 1, at p. 5.)[1]

Defendant asserts that the description of the offense "not only conveys a vague understanding of what is claimed, but does so over a period of time that spans an entire decade." (*Def. Mot.*, ECF No. 50, at p. 5.)

## II. Analysis

Pursuant to Federal Rule of Criminal Procedure 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that a court can determine without a trial on the

---

[1] This second clause of 26 U.S.C. § 7212(a), is known as the "omnibus clause" or the "catch-all clause." It applies to all "other activities that may obstruct or impede the due administration of the title." *United States v. Miner*, 774 F.3d 336, 343 (6th Cir. 2014). The Sixth Circuit has addressed the specificity required to convict an individual under this clause. "In summary, post-*Kassouf* and post-*Bowman*, a defendant may not be convicted under the omnibus clause unless he is 'acting in response to some pending IRS action of which [he is] aware.'" *Id.* at 345, citing *United States v. McBride*, 362 F.3d 360, 372 (6th Cir. 2004).

2

merits." A defendant may bring a motion to dismiss under Rule 12 to assert a defect in the indictment. If the Court finds that "the indictment is legally deficient, the proper result is dismissal of the indictment." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). However, in the alternative, the Court may order the Government "to submit a bill of particulars to supplement the allegations in the indictment. . . ." *United States v. Jones*, 542 F.2d 661, 666 (6th Cir. 1976). The Court "may ordinarily make preliminary findings of fact necessary to decide questions of law . . . so long as the trial court's conclusions do not invade the province of the factfinder." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). In evaluating motions to dismiss, courts "do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d at 1080.

### III. Conclusion

The Government shall respond to this motion, or may, in its discretion, file a bill of particulars, within **seven (7) days** of the entry of this Order.

**IT IS SO ORDERED.**

7-13-2017
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**