## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-CR-168 |
| | ) | |
| v. | ) | CHIEF JUDGE SARGUS |
| | ) | |
| JOHN ANDERSON RANKIN | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On May 30, 2017, Defendant, proceeding *pro se*, filed a *Motion for Different Handling of Exhibits and Demonstration*. (*Def. Mot.*, ECF No. 62.) On June 30, 2017, the Government filed a *Memorandum Contra Defendant's Motion for Different Handling of Exhibits and Demonstration*. (*Gov. Mem. Opp.*, ECF No. 81.) The matter is ripe for consideration.

### I.    DEFENDANT'S MOTION

As a preliminary matter, the Defendant is advised that no document, exhibit, or demonstrative exhibit of any kind may be shown to the jury by either party to this case prior to a review and ruling by the Court. In view of the types of evidence the parties wish to present, and the claimed volume and complexity of the exhibits, including digital presentations, the Court hereby modifies *Paragraph VI, Exhibits*, of the Court's Amended Order, (*Order*, ECF No. 76, at p. 3), as follows: the parties **shall, no later than close of business August 17, 2017:** (1) submit to the Court's chambers three (3) typed copies of a list of the proposed exhibits, including the proposed exhibit number and a substantial description of the exhibit; (2) and at the same time, provide a copy of each exhibit listed therein for the Court's review.

It is important to make it clear that a defendant has the constitutional right to conduct his own defense.  *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). However, he must do so within the limits of the rules of the Court.  *See* 28 U.S.C. § 1654 (party may conduct his own case personally, "by the rules of such courts, respectively").  It is the Court's responsibility to ensure that only relevant and admissible evidence is presented to the jury.  Fed. R. Evid. 103(d) states that "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury by any means."  In *United States v. Schrock*, 855 F.2d 327, 333 (6th Cir. 1988), the Sixth Circuit discussed the necessity for the trial court to determine that evidence is relevant and admissible:

> Under Rules 401 and 402, testimony is admissible into evidence if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401; see Fed. R. Evid. 402.  Rule 403 carves out a narrow exception to this broad rule of admissibility:
>
> > Although relevant, the evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Fed. R. Evid. 403.
>
> As the permissive language in the Rule indicates, the decision to admit relevant, but potentially prejudicial, evidence is committed to the sound discretion of the trial court.  [citations omitted].

*Schrock*, 855 F.2d at 333.  These principles establish the framework for the Court's consideration of each one of Defendant's requests.  Defendant seeks to alter this Court's standard trial procedure, including procedures set forth in this Court's *Amended Scheduling Order* (*Order*, ECF No. 76), in several ways.  Each request is addressed below, by paragraph number, as presented in the Defendant's Motion.

1.       **Request to Present Evidence in Binders and under Seal**

   *A. Request to Present Evidence in Binders*

   Defendant seeks to present invoices, "and a great number of individual checks, bank statements, and materials" representing "receivables" of Connectivity Systems, Incorporated, from 2005 through 2010, by using a system of hanging binders. (*Def. Mot.*, ECF No. 62, at p. 2.) Defendant represents that "[t]he invoicing for this period of time exceeds 58,000 invoices." (*Id.*) Defendant further represents that this information "is not easy to scan." Thus, he proposes to "bring all these original documents as organized exhibits, and in a convenient hanging rack on wheels. Each binder can be separately labeled as an exhibit . . . ." (*Def. Mot.*, ECF No. 62, at p. 2.) The Government asserts that the "receivables" "are unlikely to be relevant." (*Gov. Mem. Opp.*, ECF No. 81, at p. 2.)

   Defendant may bring the materials in binders on a rolling rack. However, it is not possible to simply label the binders as exhibits. Exhibits must be numbered "with Arabic numbers, preceded by the letter prefix … 'D' for the defense." (*Order*, ECF No. 76, at p. 3.) In other words, the pages within the binders that will be offered into evidence must be numbered and marked as exhibits, seriatim. Documents offered into evidence are subject to challenge. In other words, it is insufficient to seek to use a binder of documents as one exhibit, because any irrelevant information in the documents within the binders is not admissible into evidence.[1]

   ---

   [1] The 58,000 documents may not be offered into evidence as a group. Of course, other avenues may be available for presenting this type of voluminous evidence at trial, such as the processes set out in Fed. R. Evid. 1006:

   **Rule 1006:  Summaries to Prove Content**

   The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available

Based on the foregoing, the Court **GRANTS** Defendant's request for different handling of exhibits to the extent that it would envision bringing binders on "a convenient hanging rack on wheels," and **DENIES** Defendant's request for different handling of exhibits to the extent the request conflicts with the Court's standing Order that pages offered into evidence must be marked "with Arabic numbers, preceded by the letter prefix … 'D' for the defense." (*Order*, ECF No. 76, at p. 3.) Further reasons for this requirement are made clear in the discussion regarding the request to seal documents in *Paragraph 1, B*. below.

### B. Request to Present Evidence in Court under Seal

Additionally, Defendant asserts that "the information contained in these binders are highly proprietary, and in some cases, confidential, and the Defendant requests that they only be entered into the record, if necessary, and under seal." (*Def. Mot.*, ECF No. 62, at p. 2.) The Court is unable to grant this request.

The Sixth Circuit has made it clear that decisions to seal documents for trial must be made on a document by document basis, when the evidence is presented. In *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016), the Sixth Circuit discussed the difference between the granting of blanket protective orders during discovery, versus at trial. "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.* The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305-306. Therefore, the Court may not make a blanket ruling that all of the information

for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court.

contained in the 58,000 invoices and materials, which it has not reviewed, is proprietary or confidential. Accordingly, Defendant's motion for different handling by placing these binders of documents under a blanket seal must be **DENIED**.

## 2.     Summary Exhibits

As discussed, *supra*, nothing may be displayed to the jury without the Court's prior approval. Each party must have the opportunity to review the exhibits and file any objections for the Court's consideration.

Defendant requests to present summary exhibits "in a large format that can be placed on an easel." (*Def. Mot*., ECF No. 62, at p. 3.) The Government concurs that "[p]roper summary exhibits 'to prove the content of voluminous writings, recordings, or photographs' may be admissible consistent with FRE 1006, if otherwise relevant." (*Gov. Mem. Opp*., ECF No. 81, at p. 2.) Such large format exhibits, properly marked as exhibits, may be used with an easel. However, all of the provisions of the Court's Order in *Paragraph VI., Exhibits*, remain. (*Order*, ECF No. 76, at p. 3.) The Court must review the exhibits prior to granting Defendant's request.

As an example, the requirement to provide "the original and two copies of exhibits to the Court and one copy to opposing counsel" three business days prior to the commencement of trial, and the requirement to provide three-hole-punched paper copies of the exhibits, remain in effect. Defendant may provide photographs of the enlarged exhibits or use another technique to comply with these requirements. Defendant's motion for different handling of exhibits by using large format exhibits on an easel in the courtroom is **GRANTED**, provided all other requirements of the Court's Order are met.

### 3.    Research and Development Demonstration

Defendant "requests the opportunity to perform a demonstration of the results of his extensive research. This demonstration will utilize several portable computers, with at least one connected to the courtroom's digital projection system.  This demonstration will allow the jury to clearly judge the value of extensive research and development and is essential to a complete defense."  (*Def. Mot.*, ECF No. 62, at p. 3.)   The Government asserts that "[c]ontrary to Defendant RANKIN's assumption, it is not the 'value' of research and development that is relevant to this case.  Rather, it is the question as to the extent of any actual research and development and whether it properly, as opposed to falsely, is credited on the tax returns prepared and filed by the defendant." (*Gov. Mem. Opp.*, ECF No. 81, at p. 2.)  Again, the Court must first review the demonstration and must withhold ruling until it has had an opportunity to view the proposed demonstration to evaluate relevance and admissibility.

### 4.    Software Code Demonstration

Defendant states that "since Connectivity Systems Incorporated is a software company," he will "need to provide extensive documentation of the software code utilized for their research and development methods.   However, this code is rather large and inconvenient, and the Defendant requests that he be allowed to provide only one binder for each development project." (*Def. Mot.*, ECF No. 62, at p. 3.)  The Government asserts that, "a 'software code' is unlikely to be relevant as to issues regarding the extent to which any actual research and development had been carried out and properly, as opposed to falsely, credited on the tax returns filed by the defendant."  (*Gov. Mem. Opp.*, ECF No. 81, at p. 2.)  Additionally, Defendant asserts that "this information is highly proprietary, and the Defendant requests that it be submitted to the record, only if necessary, and under seal." (*Def. Mot.*, ECF No. 62, at p. 3.)

The issues and the analyses are the same as that provided in *Paragraph 1*, *supra*, and the Court's ruling in that paragraph applies in this instance as well.

5.      **Narrative Testimony of Defendant**

*A.  Narrative Testimony*

Defendant requests to be allowed to "simply present a testimonial narrative." He asserts that "the Prosecution will be able to cross-examine the Defendant at the end of the presentation, based upon the subject areas that he presents." (*Def. Mot.*, ECF No. 62, at p. 4.) The Government objects to this approach. (*Gov. Mem. Opp.*, ECF No. 81, at p. 3.)

The Federal Rules of Evidence charge the District Court with determining the appropriate mode of examining witnesses and presenting evidence. Rule 611 provides as follows:

> **Rule 611. Mode and Order of Examining Witnesses and Presenting Evidence**
>
> **(a) Control by the Court; Purposes.** The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to:
>
> **(1)** make those procedures effective for determining the truth;
>
> **(2)** avoid wasting time; and
>
> **(3)** protect witnesses from harassment or undue embarrassment.

The Government supplies numerous citations to decisions of our sister circuits expressing certain limitations on a *pro se* defendant's right to testify in a narrative fashion. For example, in *United States v. Beckton*, 740 F.3d 303 (4th Cir. 2014), the Court explained that "the Federal Rules of Evidence direct trial courts to 'exercise reasonable control over the mode . . . of examining witnesses and presenting evidence so as to make those procedures effective for determining truth.'" *Id.* at 306. "This duty is no different for pro se litigants. Rather, like all other litigants, they must comply with substantive and procedural courtroom rules." *Id.*, citing

*Faretta v. California*, 422 U.S. at 834 n. 46 (1975) (explaining that self-representation is not a license to ignore "relevant rules of procedural and substantive law."). In that case, Defendant Beckton was required to propound the question, and then provide his answer. Beckton argued that "the court's requirement that he proceed in question-answer format 'served only to make [him] appear schizophrenic' and damaged his credibility with the jury." *Id*. at 306. The Fourth Circuit disagreed, stating

> Trial management includes "such concerns as whether testimony shall be in the form of a free narrative or responses to specific questions." Fed. R. Evid. 611 advisory committee's note. District courts enjoy broad latitude in this realm, because "[q]uestions of trial management are quintessentially the[ir] province. *United States v. Smith*, 452 F.3d 323, 332 (4th Cir. 2006); see *Woods*, 710 F.3d at 200. So long as restrictions on a defendant's right to testify are not "arbitrary or disproportionate to the purposes they are designed to serve," a district court will not be held to have abused its discretion. *Rock v. Arkansas*, 483 U.S. 44, 55-56, 107 S.Ct. 2704, 97 L.Ed. 37 (1987).

*Id*.

In the case at bar, the Court would prefer the use of a question and answer format, but will attempt to permit Defendant to present his testimony in a modified narrative format. Defendant shall arrange his testimony into topics, and will explain what topic he is addressing by his narration. The first sentence of each topic must be a summary description of what is to follow. For example, he would state that "the following testimony pertains to tax year x, FICA withholdings," etc., in order to provide a roadmap to the testimony that follows. Each topic will be subject to the Government's objections during the testimony, and the Court will stop the Defendant's narration to permit a ruling on any objection. With these caveats, the request to present testimony in a narrative format is **GRANTED**.

**B. Digital Presentation During Testimony**

Defendant requests to use a digital presentation on the courtroom's computer system "to illustrate and augment his testimony." (*Def. Mot*., ECF No. 62, at p. 4.) Additionally, he

requests to use an easel, with white paper and markers. The Government states that "[w]ithout more information regarding the substantive nature of the materials the defendant wishes to utilize to supplement his testimony, the government cannot support either request." (*Gov. Mem. Opp.*, ECF No. 81, at p. 4.) The Court withholds its ruling on this digital presentation until such time as it has reviewed it.

In this paragraph, Defendant also seeks to use the easel, with white paper and markers. This type of testimonial aid is permissible, subject to objections under the Federal Rules of Evidence, and the Court's discretion. Again, such use of an easel is subject to the Court's *Order* at *Paragraph VI, Exhibits* (*Order*, ECF No. 76, at p. 4). For example, in leaving the witness stand to write on a paper, the Defendant may not approach the jury or another witness. Within these limitations, the request to use white paper on an easel is **GRANTED**.

6.     **Digital Presentations to Augment Defense Witness Testimony**

Defendant "requests to be allowed to present digital presentations that augment the testimony of some of the defense witnesses." "However, the Defense requests to be allowed to share these presentations only at the time the witnesses are making their presentation, so that the Prosecution will not have previous information." (*Def. Mot.*, ECF No. 62, at p. 4.) The Government objects to this request, and asserts that "[w]ithout the appropriate pretrial disclosure, the government suspects that these planned 'presentations' are unlikely to be relevant." (*Gov. Mem. Opp.*, ECF No. 81, at p. 4.)

Defendant's request asks the Court to circumvent the requirement set forth in Fed. R. Crim. P. 16(b)(1)(A) which permits the Government to inspect materials Defendant plans to use in his case in chief. The Court declines to circumvent the rule. The request to use digital

presentations to augment defense witness testimony without proper compliance with the Federal Rules of Criminal Procedure and this Court's trial orders is **DENIED**.

## II.    CONCLUSION

Accordingly, Defendant's *Motion for Different Handling of Exhibits and Demonstration.* (*Def. Mot.*, ECF No. 62) is **GRANTED in part**, and **DENIED in part**, as detailed in this Order.

**IT IS SO ORDERED.**

_____7 -20 - 2017_____
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**

10