IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) 2:15-CR-168 |
| v. | ) CHIEF JUDGE SARGUS |
| JOHN ANDERSON RANKIN | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant's *Motion to Dismiss Count 17 of Indictment*. (*Def. Mot.*, ECF No. 50.) On July 13, 2017, the Court directed the Government to respond to the Defendant's motion. (*Order*, ECF No. 89.) The Government has filed a *Memorandum Contra Defendant's Motion to Dismiss Count 17*. (*Gov. Mem. Opp.*, ECF No. 93.) The motion is ripe for consideration.

**I.   BACKGROUND**

Defendant specifically asserts that "the language of the 17th count is insufficiently vague and unclear, as to fail to meet the requirements set out in *Hamling v. United States*, 418 U.S. 87, 117 (1974)." Defendant further asserts that "the vague nature of the language used, along with the absence of specific facts over such an extensive period of time, requires that this count of the indictment be dismissed . . . ." (*Def. Mot.*, ECF No. 50, at pp. 5-6.) The Government asserts that "such [tax] withholding issues, and IRS efforts to discover reasons for various such failures of RANKIN's businesses, had occurred for years." (*Gov. Mem. Opp.*, ECF No. 93, at p. 3.) The Government further asserts that all of the discovery materials related to all of the counts charged

in the indictment, including Count 17, were received by Defendant "[o]n September 8, 2015, over 22 months ago." (*Id.*)

The Indictment charges 17 criminal tax violations. (*Indictment*, ECF No. 1.) Count 17 alleges a violation of 26 U.S.C. § 7212(a). The statute provides as follows:

> **(a)** **Corrupt or forcible interference.**--Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or in any other way corruptly or by force or threats of force (including any threatening letter or communication) obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction thereof, be fined not more than $5,000, or imprisoned not more than 3 years, or both, except that if the offense is committed only by threats of force, the person convicted thereof shall be fined not more than $3,000, or imprisoned not more than 1 year, or both. The term "threats of force", as used in this subsection, means threats of bodily harm to the officer or employee of the United States or to a member of his family.

26 U.S.C. § 7212(a).

Count 17 of the Indictment, titled *Corruptly Endeavoring to Obstruct the Due Administration of the Internal Revenue Laws*, states as follows:

> From on or about January 1, 2005, through the date of the filing of this Indictment, in the Southern District of Ohio and elsewhere, Defendant JOHN ANDERSON RANKIN did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws by willfully misleading agents of the IRS by making false and misleading statements to those agents and by concealing information sought by those agents who he well knew were attempting to ascertain income, expenses and taxes for defendant and his various business entities and interests.
>
> In violation of Title 26, United States Code, Section 7212(a).

(*Indictment*, ECF No. 1, at p. 5.)

Defendant asserts that the description of the offense "not only conveys a vague understanding of what is claimed, but does so over a period of time that spans an entire decade." (*Def. Mot.*, ECF No. 50, at p. 5.) The Government asserts as follows:

> The government expects the evidence will show that at least by April 3, 2006, the IRS was making concerted efforts to communicate with defendant about some of these failures noted above, first through correspondence audit letters, to which defendant did not respond, and which specifically referenced defendant's apparent failures to file tax returns beginning with the 2001 tax year. Thereafter, the IRS assigned revenue agents to communicate directly with defendant regarding his personal and various business returns and payments, such as those charged in Counts 1 through 16.

(*Gov. Mem. Opp.*, ECF No. 93, at p. 5.) Additionally, "[i]n order to demonstrate the pertinent documents for the defense, the government has appended in good faith a draft exhibit list." (*Gov. Mem. Opp., Exh. 1*, ECF No. 93-1.)

## II. ANALYSIS

### A. *Motion to Dismiss an Indictment under the Federal Rules of Criminal Procedure*

Pursuant to Federal Rule of Criminal Procedure 12(b)(1), "[a] party may raise by pretrial motion any defense, objection, or request that a court can determine without a trial on the merits." A defendant may bring a motion to dismiss under Rule 12 to assert a defect in the indictment. If the Court finds that "the indictment is legally deficient, the proper result is dismissal of the indictment." *United States v. Landham*, 251 F.3d 1072, 1080 (6th Cir. 2001). However, in the alternative, the Court may order the Government "to submit a bill of particulars to supplement the allegations in the indictment. . . ." *United States v. Jones*, 542 F.2d 661, 666 (6th Cir. 1976). In the case at bar, the Government has provided a response, in lieu of a bill of particulars, as permitted by the Court's Order.[1] (*Order*, ECF No. 89.) The Court "may

---

[1] Defendant did not file for a bill of particulars in the case at bar. "The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court

3

ordinarily make preliminary findings of fact necessary to decide questions of law . . . so long as the trial court's conclusions do not invade the province of the factfinder." *United States v. Craft*, 105 F.3d 1123, 1126 (6th Cir. 1997). In evaluating motions to dismiss, courts "do not evaluate the evidence upon which the indictment is based." *United States v. Landham*, 251 F.3d at 1080.

Rule 7 of the Federal Rules of Criminal Procedure addresses the requirements of an indictment, as follows:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government.

Fed. R. Crim. P. 7(c)(1). An indictment is constitutionally sufficient if it: (1) "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend"; and (2) "enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007), (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)).

### B. Count 17 - the "Omnibus Clause" of 26 U.S.C. § 7212(a)

The second clause of 26 U.S.C. § 7212(a), the clause at issue in this case, has been termed the "omnibus clause" or the "catch-all clause." It provides:

> Whoever . . . in any other way corruptly . . . obstructs or impedes, or endeavors to obstruct or impede, the due administration of [the Internal Revenue Code] . . . .

This clause applies to all "other activities that may obstruct or impede the due administration of the title." *United States v. Miner*, 774 F.3d 336, 343 (6th Cir. 2014). The Sixth Circuit has held

---

permits. The government may amend a bill of particulars subject to such conditions as justice requires." Fed. R. Crim. P. 7(f). The purpose of a bill of particulars, "unlike discovery, is not intended to provide the defendant with the fruits of the government's investigation . . . rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." *United States v. Smith*, 776 F.2d 1104, 1111 (3rd Cir. 1985). In this instance, Defendant seeks to dismiss a count of the indictment, having already received all of the Government's discovery.

that the phrase "[t]o act corruptly means to act with the intent to secure an unlawful benefit either for oneself or another." *Id.,* at 343, citing *United States v. McBride*, 362 F.3d 360, 372 (6th Cir. 2004). The Sixth Circuit has examined the omnibus clause in several instances, and has held that the omnibus clause "requires some pending IRS action of which the defendant was aware." *United States v. Kassouf*, 144 F.3d 952, 957 (6th Cir. 1998).[2] The pending IRS action "may include, but is not limited to, subpoenas, audits or criminal tax investigations." *Id.,* at 957 n.2. In *Miner*, the Sixth Circuit explained further:

> The requirement is that the government prove the defendant's awareness of "some pending IRS action." *Kassouf*, 144 F.3d at 957. Such action "may include, but is not limited to, subpoenas, audits or criminal tax investigations." *Id.* at 957 n.2. This means that the government must prove that the defendant is aware that the IRS has taken some step to investigate a particular taxpayer beyond routine administrative procedures such as those required to accept and process tax filings in the ordinary course. *See id.* at 958. In other words, the impeding conduct must be linked to a specific IRS inquiry into a particular taxpayer: Once the defendant knows that the IRS's interest in a given taxpayer (including himself) has been piqued in a manner that is out of the ordinary, any attempt to corruptly impede the IRS's inquiries into the taxpayer after that point is potentially criminal.

*United States v. Miner*, 774 F.3d at 346.

In the case at bar, the indictment alleges that (1) "From on or about January 1, 2005, through the date of the filing of this Indictment," (2) "in the Southern District of Ohio and elsewhere," (3) "Defendant JOHN ANDERSON RANKIN did corruptly endeavor to obstruct and impede the due administration of the Internal Revenue laws" (4) "by willfully misleading agents of the IRS by making false and misleading statements to those agents and by concealing information sought by those agents who he well knew were attempting to ascertain income,

---

[2] In *Kassouf*, the Sixth Circuit explained that a defendant who had failed to maintain records did not engage in obstruction in the absence of knowledge that the IRS planned to conduct an audit. "If upon hearing that the IRS was conducting an audit of his returns, however, Kassouf had begun destroying records and funneling money through various accounts to prevent detection of his illegal activities, § 7212(a) would clearly apply." *United States v. Kassouf*, 144 F.3d at 958.

5

expenses and taxes for defendant and his various business entities and interests." Thus, the indictment focuses on the obstructive acts ("willfully misleading," "making false and misleading statements," "concealing information") Defendant allegedly undertook in an effort to specifically mislead agents of the IRS. Defendant claims that

> This description of the offense, is for the most part a mere recitation of the elements from the statute, and not only conveys a vague understanding of what is claimed, but does so over a period of time that spans an entire decade. The description charges that the Defendant made false and misleading statements to someone, at some point in time between January 1st, 2005 through July 7th 2015. It does not specify what information was concealed, nor does it even clarify if these false statements were meant to mislead income, expenses, or taxes. The description of this offense is entirely vague, and so broadly written that it is impossible to ascertain what actions the Defendant is accused of doing, to whom, and when.

(*Def. Mot.*, ECF No. 50, at p. 5.)

The Government has invited the Court's attention to its Exhibit List, and asserts that, after one interview with a Special Agent of the IRS Criminal Investigation section, Defendant "filed the five 1040X returns that are charged in Counts 8 through 12." (*Gov. Mem. Opp.*, ECF No. 93, at p. 5.) This information supports the Government's assertion that Defendant acted in response to an IRS action of which he was aware.

While the Court cannot resolve disputed facts nor credit certain claims, it can determine the legal sufficiency of an indictment. The count alleges that the Defendant willfully obstructed IRS agents, whom he knew were attempting to ascertain his tax liability. The indictment is sufficient to advise Defendant that the Government alleges he had taken such actions while he was aware that there was some pending IRS action. As the Sixth Circuit made clear in *United States v. Miner*, 774 F.3d at 346, "[o]nce the defendant knows that the IRS's interest in a given taxpayer (including himself) has been piqued in a manner that is out of the ordinary, any attempt

to corruptly impede the IRS's inquiries into the taxpayer after that point is potentially criminal." The language of the indictment, as to Count 17, is legally sufficient as a criminal charge.

### III. CONCLUSION

For the reasons set forth in the Opinion above, Defendant's *Motion to Dismiss Count 17 of Indictment* (*Def. Mot.*, ECF No. 50) is hereby **DENIED**.

**IT IS SO ORDERED.**

8-2-2017
**DATE**

**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**