# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 2:15-CR-168 |
| ) | |
| v. ) | CHIEF JUDGE SARGUS |
| ) | |
| JOHN ANDERSON RANKIN ) | |
| ) | |
| Defendant. ) | |

## **OPINION AND ORDER**

On July 7, 2017, Defendant, proceeding *pro se*, filed a *Second Request for Consideration*. (ECF No. 84.) This request contains, attached as Exhibit A, a *Motion to Disclose Grand Jury Testimony*. (ECF No. 84-1.)

## I. BACKGROUND

As Defendant correctly notes in his *Request*, the date for filing motions "of any kind, by the defendant or the government," expired on May 30, 2017. (*Order*, ECF No. 76, at p. 2.) Defendant's asserted justification for filing this untimely motion in contravention of this Court's *Order* is his allegation that "this motion could not have been made prior to the introduction of information provided by the government on June 1st 2017, and an exceptional condition has therefore resulted that justifies this request . . . ." (ECF No. 84, p 2.) Defendant asserts that the "exceptional condition" derives from the Government's response to his *Daubert* motion:

> On May 18th 2017 the Defendant filed a motion requesting a *Daubert* [sic] determination (see Document #47) concerning the extensive exhibit prepared on June 16th 2015 (Seldon Report), that attempted to calculate the investigator's understanding of the technical and financial basis for the claims against the Defendant. This report was used for the specific financial details of counts 8

through 13 of July 7th 2015 indictment; furthermore, it was the basis for press releases issued to the media in that same month, which resulted in extensive press coverage of the claims against the Defendant, due to the salacious dollar amounts originating in the Seldon Report.

While a request for a *Daubert* [sic] determination does not require the Defendant to provide any evidentiary support, the motion contained sufficient evidence to illustrate beyond any doubt that the Seldon Report was not only unreliable, but when tested it proved false. There is extensive exculpatory evidence that completely negates the assertions presented within the Seldon Report, and a small portion of that evidence was included with the motion, to clearly illustrate the inadmissibility of the report, as well as the extent of it fabrication. This vast array of exculpatory evidence has long been in the possession of the government, and was disclosed to the investigator several years before the indictment; therefore, it is worrisome that the government would choose to produce a report that could so easily be proved false by such a wide range of reliable sources.

On June 1st 2017 the government, rather than attempting a futile effort to defend the Seldon Report, filed a memorandum in opposition (see Document #73) that indicated that they had no intention of attempting to introduce the report into evidence, or call Markita Seldon as a witness. The fundamental basis for their argument was that Grand Jury testimony allows for a lower standard of evidence, and the Seldon Report was only produced to generate probable cause, specific dollar specifications in the indictment, press releases, and negative media coverage against the Defendant.

(*Def. Mot., Exh. A.*, ECF No. 84-1, at pp. 3-4.)

Thus, Defendant contends that the Government's memorandum in opposition to his *Daubert* motion filed on June 1, 2017, wherein it asserts that it is not offering case agent Seldon as an expert witness, provides an "exceptional condition" that justifies Defendant in filing a motion out of time, seeking grand jury testimony. The Court does not agree.

### A. *Defendant's Daubert Motion*

On May 18, 2017, Defendant filed a motion seeking to challenge evidence prepared by IRS case agent Seldon under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and on May 30, 2017, moved for a *Daubert* hearing. (ECF Nos. 47, 64). Defendant asserted that "[s]ince this potential evidence is of a technical nature, the Defendant herein challenges the

reliability and methods used for its creation, and requests this Court completely exclude these prejudicial and highly unreliable, unqualified opinions."[1] (*Def. Mot.*, ECF No. 47, at p. 2.)

### B. The Government's Memorandum in Opposition to Defendant's Daubert Motion

In its response, the Government explained that it had already provided the defense with the *curriculum vitae* of the summary expert witness it plans to present at trial. The summary evidence will be presented at trial through an IRS agent who is a CPA. The Government further explained that "[q]ualified IRS agents such as Ms. Schafer have long been accepted as summary witnesses in criminal tax cases in order to aid the jury in organizing trial proofs in terms of the specifics of the IRC that may be implicated." *United States v. Sabino*, 274 F.3d 1053, 1066-67 (6th Cir. 2001), amended on other grounds, 307 F.3d 446 (6th Cir. 2002). The Government stated that "it is unlikely that the case agent [Agent Seldon] will testify at all."[2] (*Gov. Mem. Opp.*, ECF No. 73, at pp. 1-2.) The Government further asserted that

> "[t]he investigation is not the point of the trial; rather, it is the Indictment – the violations charged that the grand jury found probable cause to return. The government has no obligation to account to the defendant for its lawful investigation, and a defendant has no *Daubert*-style right to a pretrial hearing in order to satisfy his curiosity about the course of an investigation."

(*Id.*, at p. 3.)

### C. The Court's Opinion and Order on Defendant's Daubert Motion

Defendant's current motion was filed on July 7, 2017, prior to the issuance of the Court's *Daubert* opinion. (*Order*, ECF No. 85). On July 13, 2017, this Court issued an *Opinion and Order* denying Defendant's motion for the application of a *Daubert* analysis and *Daubert*

---

[1] However, on the next page of the same motion, Defendant asserted that "[t]he methodology for the Seldon Report's development has been completely confined to summating data received from banking institutions." (*Def. Mot.*, ECF No. 47, at p. 3.)

[2] If the case agent should testify as a witness at trial, Defendant may move pursuant to the Jencks Act, 18 U.S.C. § 3500, for production of statements and reports made by the agent, including statements made to the grand jury.

3

hearing regarding the case agent's evidence. (*Order*, ECF No. 85). The Court's opinion explained that, in *Daubert*, the Supreme Court held that Federal Rule of Evidence 702 places a special obligation on the trial judge to perform a gatekeeping role "to ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Id*. at 589. In *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), the Supreme Court expanded this gatekeeping role to apply not only to scientific testimony, but to all expert testimony. However, this Court explained that the *Daubert* analysis is not implicated where lay testimony, and not expert testimony, is offered. (*Order*, ECF No. 85, at pp. 6-7). In the case at bar, the Government asserted that the case agent, Ms. Seldon, will not be offered as an expert witness. As this Court explained, a *Daubert* challenge is not applicable to a witness who is not offered as an expert. As this Court further explained, if Defendant contends that such expert testimony is elicited at trial, he may object. (*Id*., at p. 7.)

Finally, this Court further noted that the Sixth Circuit has long held that testimony by an employee of the Internal Revenue Service summarizing evidence is admissible in income tax prosecutions. *See United States v. Sturman*, 951 F.2d 1466, 1480 (6th Cir. 1991); *United States v. Lattus*, 512 F.2d 352, 353 (6th Cir. 1975).

Defendant characterized the Government's argument against the applicability of *Daubert* as follows:

> On June 1st 2017 the government, rather than attempting a futile effort to defend the Seldon Report, filed a memorandum in opposition (see Document #73) that indicated that they had no intention of attempting to introduce the report into evidence, or call Markita Seldon as a witness.

(*Def. Mot., Exh. A.*, ECF No. 84-1, at pp. 3-4.)

4

Defendant's characterization misses the mark concerning the inapplicability of *Daubert* to a case agent whom the Government has stated will not serve as an expert witness in the case. Defendant further contends that

> "[t]his development indicates that the government had originally planned on presenting the Seldon Report in their case in chief, and only changed their strategy when the Defendant so clearly illustrated its' illogical fabrication."

(*Id.*, at p. 4.) Following this line of conjecture, Defendant further contends that

> "[n]ow that the government has discarded the Seldon Report, as being inadmissible and highly unreliable, it is important to determine to what extent the Grand Jury depended upon this falsified evidence in their determination to indict."

(*Id.*, at p. 5.)

The Government's determination to rely on a summary witness at trial is hardly an admission of inadmissible or falsified evidence. The Court disagrees with Defendant's characterization of the Government's position, and further disagrees that Defendant has met his burden to establish he is entitled to disclosure of grand jury testimony.

## II. ANALYSIS

### A. *The Federal Rules of Evidence are Inapplicable to the Grand Jury*

In the first instance, the Federal Rules of Evidence do not apply to grand jury proceedings. Fed. R. Evid. 1101(d)(2). Accordingly, the *Daubert* analysis applicable to testing the qualifications of a witness offered to render expert opinion testimony at trial (*see* Fed. R. Evid. 702) simply does not apply to evidence presented to the grand jury. Defendant's attempt to characterize the Government's response to his *Daubert* motion as somehow conceding "falsified evidence" is simply too great a stretch. At no place in its memorandum in opposition to Defendant's *Daubert* motion did the Government "discard" the "Seldon Report" as "inadmissible and highly unreliable." (*Def. Mot., Exh. A.*, ECF No. 84-1, at p. 5.) Simply put,

Defendant's inapposite *Daubert* motion does not provide the back door method he seeks for attempting to obtain grand jury transcripts of the case agent.

### B. *Proceedings of the Grand Jury*

The Sixth Circuit has held that "[a]s a general rule, 'the finding of an indictment, fair upon its face, by a properly constituted grand jury, conclusively determines the existence of probable cause' for a prosecution." *Sanders v. Jones*, 845 F.3d 721, 728 (6th Cir. 2017), citing *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). The Supreme Court has explained the broad powers of the grand jury, stating that a grand jury

> is invested with broad investigatorial powers into what may be found to be offenses against federal criminal law. Its work is not circumscribed by the technical requirements governing the ascertainment of guilt once it has made the charges that culminate its inquiries. A grand jury that begins the investigation of what may be found to be obstructions to justice or passport frauds or tax evasions opens up all the ramifications of the particular field of inquiry.

*United States v. Johnson*, 319 U.S. 503, 510 (1943). The Supreme Court also has long held that the "indispensable secrecy" of grand jury proceedings "must not be broken except where there is a compelling necessity. There are instances when that need will outweigh the countervailing policy. But they must be shown with particularity." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

In *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 443 (1983), the Supreme Court discussed the process by which a party may obtain disclosure of grand jury testimony. A Court is authorized pursuant to Rule 6(e) of the Federal Rules of Criminal Procedure to order disclosure of grand jury testimony "preliminarily to or in conjunction with a judicial

proceeding."³ However, the burden is on the proponent to make a strong showing of particularized need.

> Neither the text of the Rule nor the accompanying commentary describes any substantive standard governing issuance of such orders. We have consistently construed the Rule, however, to require a strong showing of particularized need for grand jury materials before any disclosure will be permitted. *Abbott,* 460 U.S., at ——, 103 S.Ct., at 1361; *Douglas Oil,* 441 U.S., at 217–224, 99 S.Ct., at 1671–1675; *Dennis,* 384 U.S., at 869–870, 86 S.Ct., at 1848–1849; *Pittsburgh Plate Glass,* 360 U.S., at 398–401, 79 S.Ct., at 1240–41; *Procter & Gamble,* 356 U.S., at 681–683, 78 S.Ct., at 985–986. We described the standard in detail in *Douglas Oil:*
>
>> "Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed....
>>
>> "It is clear from *Procter & Gamble* and *Dennis* that disclosure is appropriate only in those cases where the need for it outweighs the public interest in secrecy, and that the burden of demonstrating this balance rests upon the private party seeking disclosure. It is equally clear that as the considerations justifying secrecy become less relevant, a party asserting a need for grand jury transcripts will have a lesser burden in showing justification. In sum, ... the court's duty in a case of this kind is to weigh carefully the competing interests in light of the relevant circumstances and the standards announced by this Court. And if disclosure is ordered, the court may include protective limitations on the use of the disclosed material ...." 441 U.S., at 222–223, 99 S.Ct., at 1674–75 (citations omitted).

*Sells Engineering, Inc.*, 463 U.S. at 443.

### C. Defendant's Burden

At the outset, Defendant cannot meet his burden to make the strong showing of particularized need sufficient to establish that his interest in disclosure is greater than the public

---

³ *See* Rule 6(e)(3)(E)(i).

interest in grand jury secrecy. Rather, Defendant's assertions are based on his extrapolations from the Government's response to his *Daubert* motion, and his own conjecture:

> "[n]ow that the government has discarded the Seldon Report, as being inadmissible and highly unreliable, it is important to determine to what extent the Grand Jury depended upon this falsified evidence in their determination to indict."

(*Def. Mot., Exh. A.*, ECF No. 84-1, at p. 5.) These assertions are simply that – there are no facts in support of the claim. As discussed, *supra*, the Government simply responded to Defendant's *Daubert* motion by explaining that it would not be offering the case agent as an expert witness. From this, the Defendant claims that "[i]f the government was aware that the Seldon Report was spurious, as might be obvious to anyone in possession of the exculpatory evidence, it would be highly troubling; therefore, an examination of the Grand Jury Testimony is warranted." (*Def. Mot., Exh. A.*, ECF No. 84-1, at p. 5.) Defendant's characterization of this evidence is difficult to blend with his prior assertion that "[t]he methodology for the Seldon Report's development has been completely confined to summating data received from banking institutions." (*Def. Mot.*, ECF No. 47, at p. 3.)

Far from offering independent evidence of a particularized need for information sufficient to outweigh the institutional policies supporting the secrecy of the grand jury, Defendant has offered conjecture based on the Government's response to his *Daubert* motion. Defendant's attempt to characterize as nefarious the Government's use of a different IRS agent as a summary witness in this tax evasion case is without foundation. Accordingly, as explained, *supra*, even if Defendant's motion was timely, it would be unavailing. Defendant has not met his burden to demonstrate with particularity a sufficient need for grand jury testimony.

### III. CONCLUSION

For the reasons discussed above, the Defendant's *Second Request for Consideration* (ECF No. 84) and *Motion to Disclose Grand Jury Testimony* (ECF No. 84-1) are **DENIED**.

**IT IS SO ORDERED.**

8-2-2017
DATE

EDMUND A. SARGUS, JR.
CHIEF UNITED STATES DISTRICT JUDGE